In the Matter of VICTORIA SHARPE, Respondent, v MICHAEL D. CARPENTER, Appellant. [684 NYS2d 108] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Herkimer County Family Court for further proceedings in accordance with the following Memorandum: Petitioner, who is incarcerated, filed a petition for visitation seeking an order to allow him to "have a chance to get to know my [d]aughter". Petitioner had previously agreed, however, that he would not file a petition for visitation while he is incarcerated. That agreement was recited in an order of filiation. At a court appearance on the petition, petitioner modified his request to seeking permission to correspond with his daughter through cards and letters that he would give to his mother, who would deliver them to his daughter. Respondent opposed that contact and moved to dismiss the petition on the ground that petitioner was still incarcerated and that his prior agreement not to seek visitation should be interpreted as an agreement not to have any contact. Family Court dismissed the petition summarily, concluding that petitioner's request, even limited to contact through correspondence, was precluded by petitioner's agreement not to file a petition for visitation while incarcerated.

The court abused its discretion in dismissing the petition without conducting an evidentiary hearing to determine whether, weighing all factors involved, the requested contact is in the best interests of the child (*see generally, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). The fact that petitioner agreed not to file a petition for visitation while he is incarcerated does not preclude him from seeking to correspond with his daughter

through cards and letters to be delivered by his mother. Thus, we remit the matter to Herkimer County Family Court to conduct an evidentiary hearing on that issue. (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Visitation.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.